THE PEOPLE EX REL. PATRICK VAUGHN AND ANOTHER, APPELLANTS, v. THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY, RESPONDENTS.

*Committee of board of supervisors — authority to make contracts for county work.*

In proceedings to compel by *mandamus* the audit of the amount due under an alleged contract, signed by the chairman of a committee of the board of supervisors of Rensselaer county, in which the board of supervisors was recited to be the contracting party, it appeared that the committee was authorized by the board to advertise for sealed proposals for certain work, including the work in question, to be let to the lowest responsible bidder; that the committee advertised for proposals, and the relators were the lowest bidders thereunder, and the contract for the work, the grading and building fences on the court-house grounds, was thereupon made with them by the chairman of the committee. After the contract was let a resolution was offered in the board of supervisors reciting that such advertisement for proposals had been made and contracts had been awarded thereunder, but it did not appear what action had been taken by the board upon the resolution.

The contract was repudiated by the next board of supervisors, which audited the claim of the relators at about one-half the price fixed by the contract for the services rendered.

*Held,* that as the resolution appointing the committee did not authorize the making of the contract, and as it did not appear what action had been taken by the board upon the subsequent resolution reciting that the contract was made, that the

contract was invalid and the relators were not entitled to a *mandamus* to compel payment thereunder.

*Semble,* that, in so far as a board of supervisors exercises governmental functions, such as the imposition of a tax or the adoption or the ordering of any act in the nature of a governmental or administrative regulation, the whole body must act; but, in so far as it acts as a mere business corporation, it may delegate the execution of its mechanical and physical work to agents in the same manner as any other corporation.

APPEAL from a judgment in favor of the defendants, entered in the Rensselaer county clerk's office June 22, 1888, upon the trial at the Rensselaer Circuit before the court and jury, of the issue joined by the return of the defendants to an alternative writ of *mandamus.*

At the close of the relator's evidence the court dismissed the writ. The relators had presented a bill to the defendants for audit for building 1,116 feet of fence, at two dollars and ninety-five cents per foot, claiming to have built it under a contract with the defendants at that price. The defendants audited the claim at one dollar and fifty cents per foot.

*James Lansing,* for the appellants.

*E. L. Fursman,* for the respondents.

LANDON, J.:

The trial court found, in substance, that the relators had no valid contract with the board of supervisors under which they sought an audit at the alleged contract-price, and now seek by *mandamus* to compel such an audit. The relators did have a contract signed by the chairman of the committee of the board of supervisors on lands and buildings, in which the board is recited as the contracting party. An examination of the authority vested by the board in this committee shows that it was limited to authority " to advertise for sealed proposals " for certain work " to be let to the lowest responsible bidder, the building committee, together with the architect, to furnish the necessary plans and specifications." The building committee was also instructed " to include in their proposals for work at the county-house the building of necessary fences." The architect made plans and specifications for these fences and left them with the committee. The committee advertised for proposals. The relators submitted to the committee proposals for building the

fences at the county-house. The committee received other proposals. They compared them and found the relators to be the lowest bidders, and, thereupon, the chairman made the contract with them, under which they performed the work and furnished the materials. After the contract was let a supervisor offered a resolution in the board, preceded by a preamble, reciting that "the building committee of this board have, by direction of the board, gone on, advertised for proposals and awarded contracts for certain work of grading, building fences, etc., on the county farm, to certain contractors, and such contractors have commenced such work and nearly completed the same," the resolution directing the borrowing of money to pay for the work. The preamble and resolution were offered to show notice to the board. What action was taken by the board upon the resolution was not offered to be shown. The contract-price was two dollars and ninty-five cents per lineal foot. A subsequent board of supervisors repudiated the contract as unauthorized and excessive, and audited the claim of the relators at one dollar and fifty cents per lineal foot. The building committee consisted of three persons. Mr. Burke was the chairman. Mr. De Freest, one of the committee, said he would sign it, but did not do so. The other members did not attend any meeting of the committee in connection with the award of the contract to the relators.

It is contended by the defendant that the board of supervisors could not delegate to a committee the power to approve the plans, details and price of the work, including the making of the contract for building the fence. It is not easy to draw the exact line between those duties which are, by the statute, committed to the judgment and discretion of the entire board, and whose performance, therefore, cannot be delegated to a committee or agent, and those purely ministerial and executive duties which the board may delegate to a committee, or even to an employee or servant. *Thompson* v. *Schermerhorn* (6 N. Y., 92), and *Birdsall* v. *Clark* (73 id., 73), show that acts which embrace the plan of a local improvement, to result in a tax paid by the owners of property along the line of the improvement, cannot be delegated. *Edwards* v. *City of Watertown* (24 Hun, 428) is to the effect that a common council may authorize a committee to buy the necessary furniture for its chamber.

I incline to the opinion that, in so far as such a body exercises governmental functions, such as the imposition of a tax or the adoption or ordering of any act in the nature of a governmental or administrative regulation, the whole body must act; but, in so far as it is a mere business corporation, it may delegate the execution of its mechanical and physical work to agents, like any other corporation. I should think the building of a board fence around a farm lot such a piece of business. But it is not necessary to decide this question, for the reason that in this case the committee on lands and buildings were not authorized to enter into any contract. They were authorized to take all the steps preliminary to the execution of the contract, and no more. The preamble accompanying a resolution, which was subsequently offered in the board, falls short of a ratification of the action of the committee, because no action upon the resolution is shown, and hence no ratification is shown. Failure to show what was done with the resolution is a failure to show ratification. The board did something or nothing, and we are not advised which.

The relators, not having a valid contract, are not entitled to a *mandamus* to compel an audit upon the basis of a contract-price. All they could ask was that the board should audit their bill at what their work was reasonably worth. This the board did, and that audit is a final judgment between the relators and the board, and conclusive because rendered upon the only right the relators could establish. (*Osterhoudt* v. *Rigney*, 98 N. Y., 222, 232.)

The judgment is affirmed, with costs.

Learned, P. J., and Ingalls, J., concurred.

Judgment affirmed, with costs.