THE PEOPLE OF THE STATE OF NEW YORK, Complainant, *v.* GEORGE F. EWALD and Others, Respondents.

Supreme Court, New York County, April 1, 1932.

---

* Laws of 1922, chap. 248.

*Arthur Garfield Hays, Stanleigh P. Friedman, George Bruce Brooks* and *David Vorhaus* [*David Vorhaus* of counsel], for the motion.

*Jeremiah T. Mahoney* and *William E. Goldman,* for Harry C. Perry, opposed.

McCOOK, J. This is an application by the subcommittee of the committee on courts of limited jurisdiction of the Association of the Bar of the City of New York, designated by the board of justices of the City Court of the City of New York, to present and prosecute certain charges against Harry C. Perry, chief clerk of that court. It asks to inspect Perry's testimony taken in 1930 (after his refusal to waive immunity) before the grand jury in the case of *People* v. *Ewald* and for authorization to use said minutes upon the present trial of Perry and to introduce the same into evidence.

Perry is now being tried by a committee of three justices of the City Court on charges presented by Hon. Samuel Seabury, counsel to the New York State Joint Legislative Committee. The gist of the charges, so far as they are now being considered, is that Perry deposited large sums of money over and above his salary during the years 1927–1931, for which it was alleged he was unable satisfactorily to account when testifying in the fall of 1931 before the Joint Legislative Committee (after signing a waiver of immunity). In the hearings before the committee of justices of the City Court, Perry has attempted a more detailed explanation than that offered by him before the Joint Legislative Committee. He claims to have been taken by surprise when questioned by counsel for the legislative committee concerning his deposits, and says that he is now able to give a complete and satisfactory explanation after having gone over his records and accounts with his accountants. The applicants

allege on information and belief that respondent Perry testified before the grand jury and was interrogated on the sources of his bank deposits during a portion of the period covered by the present investigation. The sources of this information and belief are certain articles claimed to have appeared in the New York newspapers. A certificate is annexed to the moving papers signed by Hon. Vincent S. Lippe to the effect that in the opinion of the subcommittee of the board of justices of the City Court, appointed to hear and report on the charges against Perry, it would be in the public interest to authorize an inspection of the latter's testimony before the grand jury, and to authorize its use upon the hearings now being conducted. The Attorney-General of the State of New York, who was in charge of the prosecution before the extraordinary grand jury, appears and submits the State's rights to the decision of the court. Perry appears, objecting and protesting against granting the application on four grounds: (1) Expiration of the Extraordinary Special and Trial Term during which the grand jury was convened; (2) lack of jurisdiction; (3) lack of authority, and (4) invasion of Perry's constitutional rights. The Extraordinary Term in question was, on January 23, 1931, adjourned from day to day, after dismissal of all pending indictments, and has transacted no business since that date. Whether the Extraordinary Term has, by reason of the premises, expired or is still alive (see *Matter of Reynolds* v. *Cropsey*, 241 N. Y. 389) is in my opinion unimportant. This application, originally returnable before the Extraordinary Special and Trial Term, was by stipulation amended *nunc pro tunc* so as to be made at Special Term, Part I, of the Supreme Court, where it is now pending.

I do not doubt the jurisdiction or power of this court to entertain the present application. (See *Matter of Crain*, 139 Misc. 799; *People ex rel. Hirschberg* v. *Board of Supervisors*, 251 N. Y. 156, 170, 171; *People* v. *Miller*, 257 id. 54, 57; *Attorney-General* v. *Pelletier*, 240 Mass. 264; 5 Wigm. Ev. §§ 2360–2363.) In what manner the respondent Perry's constitutional rights would be violated by granting it was not shown in the argument of his counsel or in the briefs, and the second and third objections are overruled as without merit. Assuming power exists, all parties agree that this application is addressed to the discretion of the court, and that inspection is not a matter of right. Such has been the ruling in all cases involving inspection of grand jury minutes. (*People* v. *Sweeney*, 213 N. Y. 37, and cases collected in 16 C. J. p. 801.)

In determining whether the court should in the present instance exercise its discretion in favor of the application, we must examine the reasons underlying the rule of secrecy of proceedings of a grand

jury, which are discussed in Wigmore (*supra*) and to some extent in the authorities cited. One is that secrecy is necessary in order to protect the grand jurors against outside influence, pressure or threat, thereby encouraging them faithfully and fearlessly to perform their duty. Others, such as fear of informing the defendant who may thereby escape, or of intimidating witnesses before the trial, or of occasioning perjured testimony to meet evidence presented before the grand jury, are obviously not here relevant, because the grand jury, for all practical purposes at any rate, has ceased its functions. This court in the same Extraordinary Term, while declining to grant an application of the Governor for certain grand jury minutes, gave leave to renew upon completion by the grand jury of its investigation of the matters in question. (*Matter of Attorney-General*, 145 Misc. 331.) Professor Wigmore takes the position that after the grand jury's functions are ended there is no occasion for secrecy, and states: " This is, in effect the law as generally accepted to-day." (§ 2362.) His conclusion appears too broad. There may be fewer reasons for preserving secrecy after the grand jury's functions have terminated, but in my opinion sound arguments for a policy of secrecy continue to exist after the grand jury's activities have ceased. This view is more consistent with other expressions of Professor Wigmore as when he says elsewhere: " The common phrase is that disclosure may be required ' *whenever it becomes necessary in the course of justice.*' " (§ 2362.) The Court of Appeals in *People ex rel. Hirschberg* v. *Board of Supervisors* (*supra*) indicates that after the grand jury has been discharged its proceedings may be disclosed; in that case, however, the application was not to inspect the minutes of the grand jury, nor to compel their production, and Judge LEHMAN was careful to point out· at page 171 ·of his opinion that he was not determining " the circumstances under which the court may require production of the stenographer's minutes of the grand jury proceedings. We pass only upon the competency of the jurors as witnesses to proceedings of the grand jury." In *People* v. *Miller* (*supra*) Chief Judge CARDOZO states that the rule of secrecy has exceptions " implied by courts when essential to the ends of justice," but that was a criminal case and the application under consideration had been made by the defendant. It is believed no reported decision has gone the length of permitting over objection an inspection of the minutes of the grand jury in a non-criminal investigation directed at the activities of some one other than the district attorney in charge of the grand jury. It may be, where the conduct of a district attorney is under investigation, that a case against him cannot be made out without inspection of the minutes of the grand jury

before whom he was presenting evidence, and that the peculiar necessity of the situation has compelled relaxation of the rule of secrecy in that event. In *Mann* v. *Delaware, L. & W. R. R. Co.* (99 Misc. 358; affd., 177 App. Div. 952) a civil defendant moved for permission to inspect testimony given by a witness before the grand jury in a certain other case of *People* v. *Campbell*, a criminal proceeding. The application was denied by Mr. Justice HUBBS (now a member of the Court of Appeals), who held that although the district attorney appeared and admitted that all the criminal proceedings in *People* v. *Campbell* had been closed and disclosure of the evidence by the witness Casey would not affect any pending criminal proceeding, the application must be denied because the court was without jurisdiction to entertain it. Justice HUBBS said: " The reasons for keeping grand jury minutes secret are too well understood to require stating. The courts should not lightly do anything which will take away the protection thrown around a witness before a grand jury. All persons should be encouraged to appear freely before grand juries and offer their testimony, with assurance that it will not lightly be made public. * * * I believe this is a case where a court might very properly grant the order if it has jurisdiction to do so. This motion is, therefore, denied, upon the ground that the court has no jurisdiction to grant the relief prayed for, so that the question may be presented to the Appellate Division, if desired." The *Mann* case is not precisely in point, because the application is here made during the course of an investigation of the conduct of a public official, and because that official did not appear freely before the grand jury; on the other hand, the court is not confronted by an exception implied as essential to the ends of justice, referred to in the *Miller* case. Respondent is not being tried on a criminal charge, but is charged and tried for the accumulation of moneys, the source of which he is alleged to be unable to explain. Were a variance discovered between the testimony now being given by him before the City Court justices and what he previously gave before the grand jury, it might, of course, affect his credibility, but would not make it impossible for him satisfactorily to establish the source of his income so as to prevail against the charges.

The minutes before the committee of justices at its public hearing disclose that Perry is being examined at great length, and that the privilege of cross-examination has been accorded counsel for the bar association. There is no reason why all the evidence necessary on one side or the other cannot be obtained to explain or disprove the source of deposits without resorting to the unusual and exceptional remedy of inspecting the grand jury minutes. Mindful

though I am of the sincerity and good faith in which this application has been made, and notwithstanding the great weight attached to a certificate of the committee of the justices, I, nevertheless, recognize an independent duty to preserve the policy so firmly imbedded in our law of maintaining secrecy of proceedings of a grand jury. In my opinion the public interest does not require inspection of the minutes, but will be served best by refusing the present application, which is accordingly denied in all respects.