In the Matter of the City of New Rochelle, Petitioner.

County Court, Westchester County, April 17, 1962.

*Murray C. Fuerst, Corporation Counsel,* for petitioner.
*Leonard Rubenfeld, District Attorney,* for Westchester County.

JOHN H. GALLOWAY, Jr., J. This is an application by the City of New Rochelle through its Corporation Counsel for an inspection of and to obtain copies of the testimony before the Grand Jury in the matter of the investigation of the activities of one Anthony Capparelli, a detective of the Bureau of Police of that city. The Grand Jury did not find an indictment against Detective Capparelli or against one Figliuzzi, both of whom appeared before the Grand Jury and gave testimony.

The detective is now awaiting the hearing of certain police departmental charges that he violated certain rules and regulations governing the conduct of police officers in the City of New Rochelle.

The Corporation Counsel believes that the testimony of Capparelli and Figliuzzi before the Grand Jury is relevant and germane to the Police Department hearing and that it is imperative for the proper conduct of such hearing. The District Attorney does not oppose the application.

The proceedings before grand juries from time immemorial have been secret; and section 952-t of the Code of Criminal Procedure strictly limits the circumstances under which grand jury testimony may be revealed. The policy of the law has always been that Grand Jury minutes are available only to the court, the District Attorney and such persons to whom the court may grant permission to inspect them upon notice to, and after hearing the District Attorney. (Code Crim. Pro., § 952-t; *People ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392.) The rule adopted by the courts is almost universal not to grant an inspection except to a defendant named in the minutes sought to be inspected, and for the purpose of enabling him to move for dismissal of his indictment if found against him upon illegal or insufficient evidence, or otherwise in violation of law. (*People* v. *Glen,* 173 N. Y. 395; *People ex rel. Hirschberg* v. *Supreme Court, supra,* p. 395.)

However, where the courts have granted inspection to individuals other than the defendants involved, they have acted

with the consent, expressed or tacit, of the District Attorney, and no private interest was sought to be served, and the information sought by the inspection was not intended to aid a private litigant. The principle enunciated, and upon which those decisions were based, is one of public policy requiring the courts to co-operate with public officials entrusted with the administration of our criminal laws in the exercise of their official public duties. (Cf. *Matter of Martin*, 170 Misc. 919.)

Within the scope of the exception above set forth are *Matter of Attorney General of U. S.* (160 Misc. 533, 536–537) (application for inspection by U. S. Attorney General of minutes of investigation of the affairs of a title company in the prosecution of mail fraud indictments against certain guaranteed mortgage certificate company sales); *Matter of Quinn* (267 App. Div. 913 [2d Dept., 1944]) (application in County Court of Westchester for inspection of Grand Jury minutes of testimony given by Town Receiver of Taxes for use in removal proceedings against said Tax Receiver); *Matter of Scro* (200 Misc. 688) (in disciplinary proceedings against police officers named in Grand Jury testimony who gave book-maker immunity from police interference, the Kings County Court released minutes of the Grand Jury to Police Commissioner).

In *Matter of Quinn* (*supra*) the Appellate Division of this Department held that this County Court had the power to grant, and should have granted, as a matter of discretion, the application there made for the inspection of the testimony given by a Town Receiver of Taxes before the Westchester County Grand Jury for use in proceedings before the Appellate Division for said Receiver's removal from his office as such Receiver of Taxes.

In our opinion the instant application is clearly within the scope of the foregoing applications of the above-stated exception to the rule against disclosure of Grand Jury minutes. In the exercise of a sound discretion the power inherent in this court to grant the application should be exercised, and accordingly the application is granted.

The proposed order granting the application submitted on the argument of the motion has been signed in accordance herewith.