THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT PETER DI NAPOLI et al., Appellants.

In the Matter of the NEW YORK STATE PUBLIC SERVICE COMMISSION, Respondent. FRANK S. HOGAN, District Attorney, Respondent; VINCENT PETER DI NAPOLI et al., Appellants.

First Department, July 7, 1970.

*Robert M. Callagy* of counsel (*Satterlee, Warfield & Stephens,* and *Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison,* attorneys), for appellants.

*Robert A. Jablon* of counsel (*Arthur D. Rheingold* with him on the brief; *Kent H. Brown*, attorney), for Public Service Commission, respondent.

*J. Lee Rankin,* Corporation Counsel (*John R. Thompson, Francis I. Howley* and *Martin S. Snitow* with him on the brief), for the City of New York, *amicus curiae.*

McNALLY, J. This appeal is from an order directing the delivery to the New York State Public Service Commission of a transcript of the minutes of the Grand Jury of the County of New York which found the indictment herein. Respondents-appellants also appeal from an order denying their motion to vacate the aforesaid order.

In August, 1968, defendants-appellants were indicted for violation of sections 340 and 341 of the General Business Law by the submission of rigged bids to Consolidated Edison Company of New York, Inc. for construction work. Each of said defendants pleaded guilty and fines were imposed. As a result of the indictment herein, petitioner-respondent, New York Public Service Commission, instituted a proceeding relative to costs incurred by Consolidated Edison Company pursuant to contracts with the individuals and corporations involved in the rigged bids. Petitioner-respondent seeks to ascertain whether the excess charges resulting from the rigged bids shall be borne by the rate payers of the city or the shareholders of Consolidated Edison. The affidavit in support of the request for the Grand Jury minutes alleges a former vice-president of Consolidated Edison testified before the Grand Jury and there was other testimony before it relative to knowledge and participation in the conspiracy underlying the indictment by officers, employees and agents of Consolidated Edison. The District Attorney, New York County, did not oppose the application of the petitioner-respondent.

The respondents-appellants, who had no notice of the application of the petitioner-respondent, moved to vacate the order directing delivery of the Grand Jury minutes. Respondents-appellants' motion to vacate alleges that (1) the use of the Grand Jury testimony is beyond the scope of the investigation of the petitioner-respondent, (2) that the order is without precedent because the petitioner is not an official body charged with the duty for criminal investigation, and (3) the effect of the order will be to make available the Grand Jury testimony to the Consolidated Edison Company which is prosecuting actions against the respondents-appellants to recover treble damages

for alleged violations of the Sherman Act and the Donnelly Act.

The order denying vacatur directs petitioner-respondent not to make public disclosure of the information contained in the Grand Jury minutes during the pendency of litigation. Thereby is mitigated the alleged detriment to the respondents-appellants relative to the pending suits.

The order directing delivery of the Grand Jury minutes is grounded on section 952-t of the Code of Criminal Procedure which in its pertinent portion provides with respect to the stenographer attending the Grand Jury that: "it shall be his duty to take in shorthand or upon a typewriting machine the testimony introduced before such grand juries * * * to furnish to the district attorney of such county a full copy of such testimony as such district attorney shall require, but he shall not permit any other person to take a copy of the same * * * except upon the written order of the court duly made after hearing the said district attorney".

In *People* v. *Sweeney* (213 N. Y. 37, 42) the court held the refusal to grant a copy of the Grand Jury minutes grounded on the exercise of discretion is not reviewable by the Court of Appeals. The touchstone of judicial discretion to grant or deny Grand Jury minutes is the preservation of the historic secrecy surrounding Grand Jury proceedings to the end that the grand jurors and witnesses appearing before them shall not be molested or inhibited in investigations which serve to protect the innocent and accuse the guilty. However, in *People ex rel. Hirschberg* v. *Board of Supervisors* (251 N. Y. 156, 170) the court quoting *State* v. *Campbell* (73 Kan. 688) said: "The tendency of modern authorities has been to hold that when the reasons for secrecy no longer exist the ancient rules with reference thereto do not apply, and, in all cases where justice or the rights of the public require it, the facts should be disclosed."

There is dicta to the effect that an inspection of Grand Jury minutes will not be granted in aid of a noncriminal investigation. In *People* v. *Ewald* (144 Misc. 657, 660) decided in 1932, the court said: "It is believed no reported decision has gone the length of permitting over objection an inspection of the minutes of the grand jury in a non-criminal investigation directed at the activities of some one other than the district attorney in charge of the grand jury." *Ewald* involved a disciplinary proceeding against the Chief Clerk of the City Court of the City of New York for failure to explain large deposits in excess of his salary during the years 1927–1931. Since *Ewald*, inspection of Grand Jury minutes has been allowed in aid of a removal proceeding against a town receiver of taxes (*Matter*

of *Quinn* [*Guion*], 293 N. Y. 787, affg. 267 App. Div. 913); in aid of the purpose to correct police conditions (*Matter of People ex rel. Sawpit Gymnasium*, 60 N. Y. S. 2d 593); to further the prosecution of departmental charges against police personnel (*Matter of City of New Rochelle*, 35 Misc 2d 254; *Matter of Scro*, 200 Misc. 688).

Apropos is the principle stated in *Matter of Attorney-General of United States* (160 Misc. 533, 537): "Reasons which might well preclude an examination of such minutes by private individuals may well be abortive when raised against an inspection by public officials to enable them more efficiently to discharge the obligations of their office." Thereby the court emphasized the test articulated in *Hirschberg* v. *Board of Supervisors* (*supra*, p. 170): "in all cases where justice or the rights of the public require it, the facts should be disclosed."

The instant criminal proceeding has been concluded. The defendants have been convicted on their pleas of guilt and fines have been imposed. Implicit in the absence of objection on the part of the District Attorney is the lack of detriment in respect of any prospective criminal proceeding.

In *Matter of Quinn* (267 App. Div. 913, affd. 293 N. Y. 787, *supra*), respondents, residents of the Town of Mt. Pleasant, brought a proceeding in the Appellate Division to compel the removal of the Receiver of Taxes. In aid of said proceeding, the respondents applied to the County Court for an order permitting the inspection of the Grand Jury minutes containing the testimony of the Receiver of Taxes. The Grand Jury had reported that the said official, while not chargeable with any criminal act, had been negligent. The County Court held it was without jurisdiction to grant the application. The Appellate Division reversed, holding that the court had jurisdiction and that its discretion should have been exercised in favor of the respondents. The Court of Appeals affirmed, without opinion. *Matter of Quinn*, therefore, sustains jurisdiction to entertain an application for inspection of Grand Jury minutes in aid of proceedings other than criminal to protect the rights of the public. To the same effect are *Matter of People ex rel. Sawpit Gymnasium* (60 N. Y. S. 2d 593, *supra*), granting an application to inspect the minutes of the Grand Jury, which handed down a presentment, in aid of proceedings on the part of the village to correct police conditions; *Matter of City of New Rochelle* (35 Misc 2d 254, *supra*), granting the application of the Corporation Counsel of the City of New Rochelle for the Grand Jury minutes of the investigation of a detective on the city force, which did not result in an indictment, in aid of the prosecution of departmental

charges; *Matter of Scro* (200 Misc. 688, *supra*), denying a motion to vacate an order releasing Grand Jury testimony of a bookmaker to the Police Commissioner in aid of pending disciplinary proceedings.

The petitioner-respondent is a public agency charged with supervision of all gas and electric corporations and the regulation of rates. It has authority to investigate and towards that end to confer immunity with respect to criminal conduct (Public Service Law, §§ 20, 66). Involved is the application for Grand Jury minutes by a public authority for a public purpose.

The cases cited by respondents-appellants, wherein inspection of Grand Jury minutes was denied, represent the exercise of nonreviewable discretion on the facts therein (*People* v. *Sweeney*, 213 N. Y. 37, *supra*) and do not preclude the grant of an inspection grounded on the facts here presented.

The orders should be affirmed.

McGIVERN, J. (dissenting). Although cases on this subject are myriad, I am unable to find one reported precedent which has gone the length of permitting an inspection of Grand Jury minutes in a noncriminal inquiry by an agency not per se involved in the administration of criminal laws. To my knowledge, this is the first time in this State when the privacy of the Grand Jury has been suffered to be invaded by an agency other than one charged with a law enforcement function of a criminal nature, or to aid in the investigation of a public officer false to his trust.

The cases cited by the majority wonderfully illustrate this conclusion: *People ex rel. Hirschberg* v. *Board of Supervisors* (251 N. Y. 156) involved charges of " serious derelictions " against the District Attorney of Orange County. *People* v. *Ewald* (144 Misc. 657) involved the Chief Clerk of the Court of the City of New York; even then, a request to inspect by the Association of the Bar of the City of New York was turned away as " not in the public interest." *Matter of Quinn* (293 N. Y. 787) dealt with official corruption and the removal of a town Receiver of Taxes for misappropriation of funds. *Matter of People ex rel. Sawpit Gymnasium* (60 N. Y. S. 2d 593, 594) involved collusion by a Police Department with gambling activities; therein it was said: " Such an inspection is permitted when the application is made *by a law enforcement agency* and in the public interest." (Emphasis supplied.) Similarly, *Matter of City of New Rochelle* (35 Misc 2d 254) involved police misconduct. And the court well said (p. 256): " The principle enunciated, and upon which those decisions were based, is one

of public policy requiring the courts to *co-operate with public officials entrusted with the administration of our criminal laws* in the exercise of their official public duties. (Cf. *Matter of Martin,* 170 Misc. 919.) '' (Emphasis supplied.) *Matter of Scro* (200 Misc. 688) also dealt with gambling and police corruption. *Matter of Attorney-General of the U. S.* (160 Misc. 533) involved a request by the Attorney General to further the proper prosecution of Federal indictments for mail fraud. In fact, this latter case has been cited for the view I espouse. Cf. *Matter of Grand Jury of Erie County* (192 Misc. 857). Therein, the court well said (pp. 858–859) : '' The decisions of the courts have held that ' other persons ' include law enforcement bodies and officers thereof. *(Matter of Attorney-General of United States,* 160 Misc. 533; *Matter of Crain,* 139 Misc. 799.) It always has been and still is the policy of the law that Grand Jury proceedings be held secret and that the minutes thereof be not revealed excepting as above stated and the primary purpose of permitting an inspection of Grand Jury minutes is to enable defendant to move for a dismissal of an indictment if found against him in violation of the law. The exceptions permitting the invasion of the secrecy of the Grand Jury proceedings therefore appear to be permissible only when a defendant's legal rights appear to have been violated by the Grand Jury action, or *where a public officer or an official body charged with the duty of criminal law enforcement or the alleged investigation of alleged violation of criminal law,* properly presents to the court facts showing that the necessity is in the public interest for the examination.'' (Emphasis supplied.) And in this latter case [*Matter of Grand Jury of Erie Co.*] the court went so far as to hold (p. 860) : '' *The Commissioner of Motor Vehicles is not an officer charged with the duty of enforcing the criminal law of the State of New York, and the Bureau of Motor Vehicles is not considered as such an enforcement body.*'' (Emphasis supplied.) And the petition was refused, even though the Commissioner of Motor Vehicles does perform many quasi-criminal functions.

The rule thus far has been inviolate: A cloak of secrecy surrounds the proceedings before a Grand Jury. It is upheld by statute and embraces even the grand jurors themselves. It is an ancient policy founded on the recognition that the quest for information is best favored by voluntary witnesses unburdening themselves without fear of revelation — or answerability. The defendants in this case (now long since concluded) are entitled to these historic assurances of secrecy, under which they testified. If they, or the other witnesses, had ever envisaged that

their testimony would at a future date be handed over to a bureaucracy they may very well have hesitated and had second thoughts about full disclosure.

True, the courts have in the past co-operated with governmental bodies bent upon the enforcement of our criminal laws, but never with a regulatory body (PSC) merely interested in knowing more about the placement of large contracts by a private corporation. Unabashedly, the sought-after inquiry is civil in nature. And it may prove to be prejudicial to the defendants, presently engulfed in other collateral litigation involving both Consolidated Edison and the defendants.

Nor do I fathom the manner in which the present petition was lodged, under a criminal indictment to which the petitioner was a stranger, nearly a year after the conclusion of the case, and without notice to the defendants. I am further nonplussed by the casual character of the short application on which the ex parte order is based. It is asserted " That such information is relevant to the Commission to determine whether the shareholders of Consolidated Edison or the ratepayers of this city shall bear the burden of the overcharges paid to various contractors by Consolidated Edison, and to determine necessary corrective actions which should be taken to insure that this problem does not recur ".

No necessity for the revelation is demonstrated. Indeed, " the soft underbelly " of the petitioner's position is visible when, in its supporting memorandum, it frankly admits that had it the proper staff it could acquire the information on its own efforts. But, mere convenience and the avoidance of expense has never been accepted as a reason for violating the historic secrecy of the Grand Jury and of the conditions under which the witnesses testified therein.

Nor should the mere incantation of " public interest " be the " Open Sesame " for a noncriminal agency to sunder the veil from the Grand Jury. Give the privilege to the Public Service Commission: Why not to the Port of New York Authority, the State Power Authority? Why not to the Pure Water Authority? The Genesee Valley Regional Market Authority? Agencies and authorities we have aplenty—all dedicated to the " public interest ", presumably, and no less consecrate than the Public Service Commission.

Thus, since I find no precedent to justify the majority's discretionary decision to open up this particular " Pandora's Box ", in my view, the action taken is an unjustified derogation of the rule of secrecy hitherto honored. I would reverse the

order granting leave to inspect the minutes as one not in furtherance of the public interest.

MARKEWICH and NUNEZ, JJ., concur with McNALLY, J.; McGIVERN, J., dissents in opinion in which CAPOZZOLI, J. P., concurs.

Orders entered on May 12, 1970 and May 19, 1970, affirmed, without costs and without disbursements.