Scileppi, J. (dissenting).
I dissent and vote to reverse for the reasons stated in the dissenting opinion at the Appellate Division (35 A D 2d 28, 32). I merely add the following to further amplify my position.
The authority of the Public Service Commission to conduct the pending investigation is not in question and it has unquestionably acted in good faith in its attempt to protect the interests *239 of the consumer. What is in question is whether it may utilize grand jury minutes in furtherance of its investigation. I am not insensitive to the need to protect the public from excessive utility rates and to minimize the costs of the investigation; nevertheless, these essential considerations are not the only matters of public interest involved in this appeal. More importantly, public interest mandates that protection be afforded the public in the form of effective law enforcement. Inasmuch as the grand jury system is the cornerstone of our system of criminal jurisprudence, our inquiry has necessarily involved the balancing of the competing areas of public interest. In this regard there are certain policy considerations which must be emphasized.
Traditionally, the secrecy accorded grand jury testimony has been a built-in safeguard which serves as the keystone of the entire grand jury system. It plays an integral role in the promotion of law enforcement and crime prevention in that it not only protects the accused from the disclosure and exploitation of testimony given against him, but safeguards the accuser or witness from public exposure. It is my view that the grand jury system will not long survive if we permit further inroads into this essential protection which secrecy provides. Therefore, we should not allow grand jury minutes to be used to sustain contentions in unrelated noncriminal investigations or to promote the personal or collective interests of a party to any civil litigation. Because efficient law enforcement and crime prevention is a critical problem in our society today and a matter of the highest public interest, it is my view that the secrecy attendant grand jury proceedings should not be further tampered with.
The grand jury system is only as strong and effective as the evidence which is made available to the grand jury by witnesses, and their co-operation should not be inhibited by erosion of the rule which traditionally asserts that their testimony will remain confidential. After reviewing these policy considerations, I conclude that it is in the greater public interest that the minutes should be kept secret and find it difficult to so blithely cast aside our traditional rule of secrecy and opt for disclosure. While I would agree with the premise of the majority’s position that the secrecy of grand jury minutes is not an absolute *240 and that the question of secrecy versus disclosure is often a balancing proposition, I cannot agree that the mere fact that the Public Service Commission requests the minutes is a reason for us to tip the balance in favor of disclosure. That balance should be in favor of secrecy except in those cases where grand jury minutes are used against public officials in matters premised on their alleged official misconduct (see, e.g., People ex rel. Hirschberg v. Board of Supervisors, 251 N. Y. 156; Matter of Quinn [Guion], 293 N. Y. 787) or in cases where a defendant’s rights are directly involved ‘ ‘ or where a public officer or an official body charged with the duty of criminal laiv enforcement or the alleged investigation of alleged violation of criminal law, properly presents to the court facts showing that the necessity is in the public interest for the examination ” (Matter of Grand Jury of Erie County, 192 Misc. 857, 859; emphasis added). Since this is not a case where the misconduct of a public official is directly involved, the majority’s reliance on Quinn (supra) and Hirschberg (supra) is misplaced and it has failed to cite a case where this court has sanctioned an invasion of grand jury privacy on such a meagre showing or where we have permitted grand jury minutes to serve as the basis of an investigation, by a separate investigatory agency.
In this case, the Public Service Commission is neither involved in criminal law enforcement nor has it demonstrated any compelling necessity for disclosure. It has its own staff, may require the attendance of witnesses under its power to issue subpoenas and indeed has full investigatory power under authority granted by the Legislature. The Commission is really arguing that it would be more convenient for it to have access to the minutes of the grand jury. It is my view that the secrecy of grand jury deliberations should not be invaded on a mere showing of convenience. To do so exacts too high a price — that of trading secret grand jury testimony for the sake of expedience. No sound public policy can rest on such a weak footing. Thus, this is not a case “ where such secrecy is neither necessary nor desirable ” (Matter of Second Report of Grand Jury, 26 N Y 2d 200, 205) and I take issue with the majority’s view that there is no reason for the secrecy rule to obtain because the particular defendants involved in the grand jury investigation have already been convicted. As I have indicated, what is involved *241 here is not limited solely to the particular minutes in question, but rather relates to a threat to the future viability of the grand jury system. Disclosure of the contents of grand jury minutes will have a direct effect on countless cases in the years to come, in that witnesses will be reluctant to testify, innocents named before the grand jury will be unnecessarily put in the public eye long after they have been named; and grand jurors will be subjected to greater risks of possible retaliation from those who are the subjects of investigations. Nor is it of any consequence that the District Attorney did not oppose the disposition ordered below since this is in no way binding on the courts (cf. People v. Lewis, 26 N Y 2d 547, 550) and is no reason for a court to abdicate its responsibility to determine where the paramount interest lies. Moreover, I note that New York County Grand Jurors Association, a group with many years of first-hand experience in grand jury proceedings which has filed a brief as amicus curiae, has cautioned that the position of witnesses before the grand jury should not be placed in jeopardy by the disclosure of grand jury minutes. It asserts that if these proceedings are not kept secret, witnesses will be unwilling to participate thereby threatening the efficiency of the system. It is my view that this consideration should be given great weight in determining where the public interest lies. Therefore, on balance the Public Service Commission’s request should be denied.
Lastly, I must express my concern that the disposition sanctioned today has created a precedent which opens the door to further assaults on the secrecy of grand jury proceedings. In this regard, it is significant that the majority argues that it is proper for grand jury minutes to be used to impeach witneses who testify before commission hearings. This alone points up the danger involved in permitting further extensions of disclosure in this case for it clearly sunders the veil of secrecy. While it may be that prior decisions of our court (see, eg., People v. Jaglom, 17 N Y 2d 162, 164; People v. Rosario, 9 N Y 2d 286, cert. den. 368 U. S. 866) might constrain us to allow the use of grand jury minutes for such cross-examination, this possibility is a far cry from the wholesale disclosure of some 1,000 pages of testimony at this preliminary stage of the investigation. Moreover, the majority’s reliance on Matter of Feni *242 more Circle Corp. v. State Liq. Auth. (27 N Y 2d 716) and People v. Rosario (supra) is misplaced since these cases did not deal with grand jury testimony and we held that the statements therein were neither confidential nor would disclosure be adverse to the public interest. Nor is the majority’s assurance (at p. 238) that “if the testimony sought to be used should be kept secret or confidential or, if its disclosure would be inimical to public policy, the court — on application of a party, a witness or any appropriate public official—may be asked to intervene to prevent disclosure of the testimony in question ’ ’, an adequate method of safeguarding the public interest involved in this case since this court, by affirming, has already determined that the minutes need not be kept secret and that disclosure does not violate public policy. Thus, a subsequent application to a court would in my view, be well-nigh futile.
Consequently I conclude that, as a matter of law, it was an abuse of discretion for the courts below to grant inspection to the Public Service Commission since such inspection is not in furtherance of the public interest hut adverse thereto.
Accordingly, the order appealed from should be reversed.
Judges Bergan, Breitel, Jasen and Gibson concur with Chief Judge Fuld; Judge Scileppi dissents and votes to reverse in a separate opinion in which Judge Burke concurs.
Order affirmed, without costs.