Henry A. Hudson, J.
This is an application made upon the petition of William J. King, District Director of the Buffalo District of the Immigration and Naturalization Service of the United States Department of Justice, for permission to have the testimony of 11 persons, who testified before the January 1958 Oneida County Grand Jury, made available to one Bolind D. Edgecombe and James P. Carey, duly appointed investigators of the Immigration and Naturalization Service, Department of Justice of the United States.
It is alleged that the said Edgecombe and Carey along with certain other personnel of the Immigration and Naturalization Service have been actively engaged “in conducting certain investigations concerning possible violations of Federal Law and citizenship and deportability by/and of certain persons who are alleged to be or have been associated with certain racketeering and corruption in and around the City of Utica, County of Oneida, State of New York.” It is further alleged, but only upon information and belief, that the testimony of said 11 persons before the Grand Jury is material and relevant to the investigation being conducted by the Immigration and Naturalization Service. The said petition contains no information of any kind which would indicate the source of the information and belief of the petitioner; the names of any persons who are being investigated as possible violators of Federal law, citizenship or deportability; whether the persons so being investigated are some of those whose testimony it is sought to examine; and in particular no information is made available to the court in such petition which could permit the court to determine what material or relevant information the Department of Immigration and Naturalization of the United States Department of Justice expects to obtain from an examination of the Grand Jury minutes.
It is conceded by the petitioner that this is a matter addressed to the discretion of the court. The petitioner has presented authorities clearly indicating that the courts have recognized the importance and propriety of making available to the proper Federal authorities proceedings before the State Grand Jury. This procedure has occurred even in some instances when *883 immunity from prosecution in the State courts had been promised to those testifying and the testimony before the Grand Jury was later sought to be used by the Federal authorities for prosecution of the witness under Federal law. (Matter of Quinn [Guion], 293 N. Y. 787, affg. 267 App. Div. 913; Dworetzky v. Monticello Smoked Fish Co., 256 App. Div. 772, 774; People ex rel. Sawpit Gymnasium, 60 N. Y. S. 2d 593, 594; Matter of (Crain, 139 Misc. 799; Matter of Attorney General of United. States, 160 Misc. 533.)
In the Matter of Quinn (supra), the application to examine was for the purpose of using the testimony in a proceeding to remove the officer in question from office.
In the Dworetzky case (supra), the application was in furtherance of private litigation.
In the Sawpit Gymnasium case (supra), the application was made on behalf of the Village Board of Trustees to examine testimony before a Grand Jury for the purpose of permitting the Board of Trustees to take corrective action in an investigation of the Police Department in which certain charges of laxity were made against the department.
In the Crain case (supra), the testimony was sought by the investigating committee charged with the responsibility of conducting an investigation into the conduct of a high public official. The conduct of such official was alleged to be directly connected with the matters under investigation by the Grand Jury.
In the Matter of Attorney General of United States (supra), the case involved a request by the Attorney General of the United States to examine minutes before the State Grand Jury which had been taken in connection with the investigation of the affairs of a large title guaranty company whose officers had been indicted by a Federal Grand Jury, it being alleged by the Attorney General of the United States that an examination of the minutes of the State Grand Jury was necessary for a prosecution of those indicted in the Federal courts.
It is clear from the above authorities that permission to examine Grand Jury minutes may, in the sound discretion of the court, be granted to the Federal authorities including in some instances Federal agencies, when the public interest and the discharge of official duties requires. It seems to me that each of the authorities relied upon by the petitioner involved situations in which it was clear to the court that some specific investigation would be furthered by an examination of such minutes and when the rights of the persons who might be affected were clearly laid before the court so that it was *884 possible to determine whether the exercise of sound discretion would justify an examination of the Grand Jury minutes. In the present case no such information is submitted to the court. The petition is made upon information and belief. None of the facts upon which such information and belief are based are set forth. The material allegations of the petition do not contain any information from which the court can determine the name of any individual whose case is being investigated or whether any of the individuals whose testimony it is sought to examine, are personally the subject of investigation or that such testimony might in any way further the investigation by the Federal agency involved. It seems quite clear on the contrary that the purpose of examining the Grand Jury minutes is to see if there is any information therein which might be helpful to petitioner.
This court does not feel that sufficient information has been submitted upon this application to permit the court to determine whether in the exercise of sound discretion the petitioner should be permitted to examine the testimony of any of the 11 persons named in the petition. It may well be that the testimony of one or more of the 11 individuals named should be made available to the petitioner for the purpose of a proper investigation with which the petitioner is presently charged.
The application is, therefore, denied without prejudice to the right of the petitioner to renew such application upon a petition in which there is set forth adequate and sufficient facts which will permit the court to determine whether it should exercise its discretion and permit an examination of such Grand Jury minutes. Any such renewal, in the opinion of the court, should set forth the names of the. persons whose testimony it is sought to examine and the nature and existence of the case or cases under investigation by the petitioner to which it is felt the testimony in question is material and relevant.
An order in accordance with this decision may be submitted.