**In re GRAND JURY PROCEEDINGS.**
**No. M–2296.**

United States District Court
E. D. Pennsylvania.
Nov. 14, 1961.
As Amended Nov. 16, 1961.

**152**

Charles Mueller, Compliance Section, Federal Trade Commission, Washington, D. C., for Federal Trade Commission.

Lee Loevinger, Asst. Atty. Gen., George H. Schueller, Atty., Dept. of Justice, Washington, D. C., Donald G. Balthis, John E. Sarbaugh, Attys., Dept. of Justice, Antitrust Division, Philadelphia, Pa., for Department of Justice.

McBride, von Moschzisker & Bradley, by Michael von Moschzisker, Philadelphia, Pa., for Westinghouse Elec. & Mfg. Co. Cravath, Swaine & Moore, by Ralph L. McAfee, Victor M. Earle, III, New York City, of counsel.

Duane, Morris & Heckscher, by Henry T. Reath, Philadelphia, Pa., for Carrier Corp. Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, of counsel.

Saul, Ewing, Remick & Saul, by Robert W. Sayre, Philadelphia, Pa., for Worthington Corp. Gallop, Climenko & Gould, New York City, of counsel.

Busser, Smith & Harding, by George A. Smith, George J. Harding, 3rd, Philadelphia, Pa., for DeLaval Steam Turbine Co.

Drinker, Biddle & Reath, by Henry W. Sawyer, III, Philadelphia, Pa., for General Electric Co. Gerhard A. Gesell, Washington, D. C., of counsel.

Ballard, Spahr, Andrews & Ingersoll, by R. Sturgis Ingersoll, Charles I. Thompson, Jr., Philadelphia, Pa., Taft, Stettinius & Hollister, by John R. Bullock, Cincinnati, Ohio, for C. H. Wheeler Mfg. Co.

Schnader, Harrison, Segal & Lewis, by W. Bradley Ward, and Edward W. Mullinix, Philadelphia, Pa., for Allis-Chalmers Mfg. Co.

Pepper, Hamilton & Scheetz, by Philip H. Strubing, Philadelphia, Pa., for Ingersoll-Rand Co.

Austin, Burns, Appell & Smith, by Cyrus Austin, and Joseph W. Burns, New York City, for Foster-Wheeler Corp.

WOOD, District Judge.

By its amended petition the Federal Trade Commission, an agency of the United States Government, seeks an order permitting examination and copying of the transcript of the testimony of certain witnesses before a grand jury of this Court, together with the exhibits pertaining thereto, including:

"(1) Documents submitted pursuant to grand jury subpoenas *duces tecum* covering turbine-generators and steam surface condensers submitted by corporations named as defendants or co-conspirators, and

"(2) Transcripts of grand jury testimony covering turbine-generators and steam surface condensers of witnesses employed or formerly employed by corporations named as defendants or co-conspirators

in United States v. General Electric Company et al., Criminal No. 20401, and United States v. Foster Wheeler Corporation et al., Criminal No. 20402, filed in this Court June 29, 1960, be made available to the Federal Trade Commission or its designated attorneys for the purpose of examining and copying for its own use in connection with its investigation of compliance by respondents with the orders to cease and desist issued by the Federal Trade Commission in Docket 2941, General Electric Company et al., (24 F.T.C. 881) and Docket 2941, Westinghouse Electric & Manufacturing Co. et al., (24 F.T.C. 892)."

The following companies have appeared, argued and filed briefs in op-

position to the petition, both on behalf of the corporations and their respective employees:

Westinghouse Electric & Manufacturing Co.;

Carrier Corporation;

Worthington Corporation;

DeLaval Steam Turbine Company;

General Electric Company;

C. H. Wheeler Manufacturing Company;

Allis-Chalmers Manufacturing Company;

Ingersoll-Rand Company; and

Foster-Wheeler Corporation.

The Government, relying on Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., stands on the proposition that matters before a grand jury may be unveiled at the direction of the Court "preliminarily to or in connection with a judicial proceeding * * *" and that the law is that the veil of secrecy *may* be lifted by the Court in the interests of justice. Furthermore, at the argument counsel for the Government stated that "the sole purpose for this request is to facilitate law enforcement." The "law enforcement" to which they refer is an effort on the part of the Federal Trade Commission to determine whether or not certain cease and desist orders entered in 1937 against some of the respondents herein and other companies have been violated in the intervening period from 1937 to 1960.

It is interesting to note that they do not charge that they have, but rather in their original petition they state repeatedly such language as "may be liable for penalties," "may contain evidence," "if the investigation discloses that such action is warranted such action will be taken," and "possible violations of the Commission's orders." In other words, in the simplest language, the Federal Trade Commission wishes to have the right to examine the great wealth of material, evidence, testimony and documents to determine whether or not in fact an order issued by them some twenty-four years ago has been violated. No showing has been made to us, nor can we determine from the records, whether such information is available to the Commission from other sources. Admittedly, with the broad plenary power of the Federal Trade Commission, which has existed for forty-seven years; the wealth of material contained in the indictments; the various bills of particulars filed; the proceedings in open Court involving pleas of guilty, nolo contendere, and not guilty; there is some question which must arise as to the "compelling necessity" to which reference will be made later. Federal Trade Comm. v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696 (1924).

It is interesting to note that both sides of this controversy rely heavily on United States v. Procter & Gamble Co. et al., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed. 2d 1077 (1958), and Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). There are also a number of cases of inferior jurisdiction which are also referred to on both sides.[1]

1. The Government relies heavily on Doe v. Rosenberry, 255 F.2d 118 (2 Cir.1958); In the Matter of Petition for Disclosure of Evidence, 184 F.Supp. 38 (E.D.Va. 1960); In re Bullock, 103 F.Supp. 639 (D. of C.1952); In re Crain, 139 Misc. 799, 250 N.Y.S. 249 (Gen.Sess.N.Y.Co. 1931); In re the April 1959 Term Grand Jury Investigation (unreported, N.D. Calif., Feb. 3, 1961); In re Grand Jury Proceedings, 4 F.Supp. 283 (E.D.Pa. 1933), as well as their interpretation of the Procter & Gamble and Pittsburgh Plate Glass cases, supra. Admittedly, the factual situations in these cases are not the same as in the case at bar, which is one of apparent first impression. It is our opinion that the respondents have clearly distinguished the former cases and the issue before us is not controlled by the adjudications therein contained. On the other hand, respondents, also relying heavily on Procter & Gamble and Pittsburgh Plate Glass, have cited United

■ It is our duty, as we understand it, to apply the rules and principles of law set down in Procter & Gamble, supra, and Pittsburgh Plate Glass, supra, to the situation existing in this case. In other words, does the same law apply whether the petitioner be a "collateral" agency of the Government to the one which instituted the criminal prosecution (in this case the Antitrust Division of the Department of Justice being the prosecutor and the Federal Trade Commission being the petitioner here to seek a civil remedy) as though it were a prosecutor, defendant or third-party private litigant to the original proceedings? In the first instance, we hold that a Federal agency stands in no higher degree of privilege than a private litigant in this respect, nor has there been any authority shown to us which would indicate otherwise. The only argument which the Government produces is one of "economics" rather than law, justice or constitutional privilege and protection. They argue that it would be a great waste of time, trouble and investigatory powers not to make this information available from one agency of the Government to another. We are not persuaded that judicial discretion should be based on the time or money saved in seeking the ends of justice rather than following time-honored principles of law particularly as laid down in similar cases by the Supreme Court. As stated by our former colleague Chief Judge Ganey (now Circuit Judge), in Application of the State of California to Inspect Grand Jury Subpoenas, M–2261 (E.D.Pa.), Opinions filed May 11, 1961 and May 15, 1961:

"The proponents of the motion contend that the obtaining of this information will decrease the amount of work necessary for them to do by way of discovery and will save duplication of expenses. For these reasons, California and others maintain that the public interest will be served in granting the motion. * *

"Here, the proponents of the motion are third parties who were not parties to the indictments themselves and are alien to the criminal averments contained therein.

"In the balancing of the policies herein adverted to, it would seem that the only reasons for disclosure here are the avoidance of expense and additional work * * *. These do not outweigh the policy of secrecy."

See also In the Matter of April 1956 Grand Jury, 239 F.2d 263, 272 (7 Cir., 1956), rehearing den. December 10, 1956, cert. den. Shotwell Mfg. Co. v. U. S., 352 U.S. 998, 77 S.Ct. 552, 1 L.Ed.2d 544 (1957).

We are not convinced as to the relevancy and usefulness of the testimony sought here in view of our conclusion that sufficient evidence should be or is possibly available from other sources. But assuming *arguendo*, that it were, the following language from Procter & Gamble is worthy of note:

"Relevancy and usefulness of the testimony sought here is sufficiently established. If the grand jury transcript were made available, discovery through depositions, which might involve delay and substantial cost, would be avoided. Yet these showings fall far short of proof that without the transcript the defense

States v. Socony Vacuum Oil Co., Inc. et al., 310 U.S. 150, 234, 60 S.Ct. 811, 84 L. Ed. 1129; Goodyear Tire & Rubber Co. v. National Labor Relations Board, 122 F.2d 450, 453, 136 A.L.R. 883 (6 Cir. 1941); United States v. Interstate Dress Carriers, Inc., 280 F.2d 52, 54 (2 Cir. 1960); Application of King, 18 Misc.2d 881, 188 N.Y.S.2d 249 (N.Y.Sup.Ct.1958);

In re Jessup's Petition, 50 Del. 530, 136 A.2d 207 (Del.Super.Ct.1957), and others, including those cited in the main body of our opinion. These cases appear to us to reflect more clearly the judicial trend as to "protection of the secrecy of the grand jury" and requirements of "compelling necessity" in the interests of justice.

would be greatly prejudiced or without reference to it an injustice would be done." [356 U.S. 677, 78 S.Ct. 986.]

The Pittsburgh Plate Glass Company case followed by two years the Procter & Gamble case where Mr. Justice Clark spoke as follows:

"To make public any part of its proceedings would inevitably detract from its efficacy. Grand jurors would not act with that independence required of an accusatory and inquisatorial body. Moreover, not only would the participation of the jurors be curtailed but testimony would be parsimonious if each witness knew that his testimony would soon be in the hands of the accused. Especially is this true in. antitrust proceedings where fear of business reprisal might haunt both the grand juror and the witness. And this 'go slow' sign would continue as realistically at the time of trial as theretofore." [360 U.S. 395, 79 S.Ct. 1241.]

 As we have said, we see no reason here to relax the principles of law which we find to exist in Procter & Gamble and Pittsburgh Plate Glass merely because this is a governmental agency. In fact, we think there is another aspect of this litigation which is of importance. There has been considerable discussion in the briefs and arguments as to whether the grand jury notes of testimony in a criminal case are for the protection of the defendant, or for the protection of the prosecutor, or the public being represented by the witnesses who have testified before that body. We do not pass on that question, but it is apparent to us that if the Federal Trade Commission can have access to these documents and testimony, then certainly most any other of our innumerable Government agencies would be likewise privileged. In fact, another Government agency might make a stronger case since it might be without the plenary and investigatory powers available to the Federal Trade Commission. Where would this end? Does public policy or rules of law dictate that a defendant indicted for an antitrust violation before a grand jury be subject to further civil or criminal prosecution by other governmental agencies based on precisely the same evidence resulting in the indictment? Except in extreme circumstances clearly indicating compelling necessity in the interests of justice, we are of the opinion it should be avoided. ·

These are criminal indictments. They were sought in a criminal proceeding and the purpose of the Government now is to use that information obtained before the grand jury in prosecuting what admittedly is a civil action. This procedure has been frowned upon before. In re April 1956 Grand Jury, supra.

All parties agree that the precise issue raised by the facts before us have not been previously adjudicated. The Government, briefly stated, has asked us to find that the ends of justice can be furthered by the disclosure of the evidence requested to the Federal Trade Commission in order that they might complete an investigation looking toward invoking civil remedy. We are convinced that the interests of justice are otherwise. To permit the Federal Trade Commission under the circumstances of this case to use evidence resulting in a criminal indictment to enforce a civil remedy, particularly in light of its plenary powers and the availability of information already a matter of public record, would be to establish a precedent not called for by Rule 6(e) of the Federal Rules of Criminal Procedure or the principles laid down by the Supreme Court in the cases herein referred to.

### Order

And now, to wit, this 14th day of November, 1961, it is hereby ordered that the petition of the Federal Trade Commission, dated July 24, 1961 and amended September 22, 1961, in the above-entitled matter, is dismissed.