In the Matter of the Investigation, under Commission Issued by the Governor of the State of New York, of Charges Made against Hon. THOMAS C. T. CRAIN, District Attorney of New York County.

Court of General Sessions, New York County, April 1, 1931.

*John Kirkland Clark,* in support of the motion.

*Thomas C. T. Crain, District Attorney [Samuel Untermyer* of counsel; *Siegfried F. Hartman* with him on the brief], in opposition to the motion.

NOTT, J. The district attorney opposes the granting of the order sought, stating: " I know of no legal authority for the making by this court of any order such as is here sought and respectfully submit that according to the established law, this court has no jurisdiction to entertain or grant this application."

Section 952-t of the Code of Criminal Procedure forbids the stenographers of the grand jury to furnish a copy of any of the proceedings before the grand jury " except upon the written order of the court duly made after hearing the said district attorney." The purposes of these restrictions are obvious. The granting of an order for the inspection of the grand jury minutes, however, is left entirely to the conscience and sound discretion of the court. It has been held, and properly held, that such discretion should not be exercised to furnish the minutes to parties for their aid in private litigation.

The application before me, however, although not involved in a criminal action, yet involves public interests in the broadest measure. The application is made by the Governor's Commissioner for necessary use in investigating the conduct of a public officer of great importance and it is obvious to me that not only would sound

discretion warrant the granting of the order in such a case but that a refusal to grant it would be an abuse of discretion and injurious to public interests.

The district attorney alleges that he knows no warrant or precedent for the granting of such an order. It appears by the records of this court that a general investigation of the Magistrates' Courts was conducted by the present district attorney in the January, 1930, term of the court and that thereafter the Hon. Samuel Seabury, as referee, appointed by the Appellate Division of the Supreme Court of the First Department, to conduct an investigation of the said Magistrates' Courts, moved this court before Hon. George L. Donnellan on October 1, 1930, for an order similar in all respects to the present one. The district attorney appeared upon said motion, and, according to the clerk's minutes of this court, joined in the application and thereafter an order was made granting the motion upon consent of the district attorney. I am also informed that a similar order has just been granted by the United States District Court for the Southern District of New York on a similar application by this Commissioner. I, therefore, am of the opinion that this court has discretion to grant the order and that the granting thereof is a proper exercise thereof.

The Hon. Thomas C. T. Crain, as the individual under investigation, also opposes the motion on the grounds, (1) that the minutes are sought for use in a private and secret investigation, as distinguished from the public hearing contemplated by law; and (2) upon the ground of the legal disqualification of the Commissioner and alleged bias and prejudice on his part.

As to the first ground, the law provides for a secret investigation and a public hearing. Both proceedings are equally lawful and it is not only the right of the Commissioner, but the duty, to conduct each, if in his judgment an investigation is required. I am at a loss to see, therefore, why, if the minutes may be properly granted for the purpose of a public hearing, they may not also be granted for the purposes of the investigation, that being a proceeding equally lawful and necessary.

As to the allegations made against the Commissioner I am of the opinion that that is a matter with which this court has no concern. The Governor is charged with the duty of appointing a proper Commissioner. It appears by the motion papers that the matters brought to the attention of the court have been also brought to the attention of the Governor who has refused to revoke the appointment of the Commissioner for those reasons. In other words, the Governor and the person sought to be investigated

differ as to the qualifications of the Commissioner and certainly this court has no authority in a collateral matter to endeavor to nullify the appointment of the Commissioner made by the Governor by improperly hampering or obstructing the Commissioner in the performance of his duty.

The motion will, therefore, be granted and an order will be entered on notice to the district attorney requiring the stenographer, upon payment of his proper fees, to furnish a transcript of the evidence of the proceedings mentioned in the moving papers and requiring the district attorney to supply to the Commissioner, on proper receipts therefor, the exhibits, if any, introduced before the grand jury.