In the Matter of the SPECIAL REPORT OF GRAND JURY OF ERIE COUNTY.

County Court, Erie County, February 28, 1948.

*Mortimer M. Kassell* and *Arnold W. Wise* for Motor Vehicle Bureau of State of New York.

*Gordon Steele, District Attorney of Erie County.*

FISHER, J.   The January, 1948, Grand Jury of Erie County made a special report concerning what they called " The So-called New and Used Car Racket in this Community ".

The report further stated:

" It is the opinion of this Grand Jury that the practices of these registered dealers should be examined under this law by the Motor Vehicle Bureau and any other proper governmental agency.  It is a large task and requires, in our opinion, trained investigators.  It is a task that a Grand Jury could not, in our opinion, properly and effectively undertake.  In fact, we doubt whether the District Attorney's office of this County is equipped to undertake such a job.  We believe that in the first instance this is not a criminal investigation.  The problem is to first find out if the practices of the car dealers conform to the law under which they are registered.

" If such an examination by the Motor Vehicle Bureau shows that the practices of the registered dealers do not conform with

the law under their registration, a remedy is provided in that law. If that examination turns up specific violations of the Penal Law, they can be presented to whatever Grand Jury is in session at the time, or to any Court having jurisdiction of the particular violation of a Penal Statute."

After the submission of this report to the County Court, the District Attorney of Erie County by affidavit with the Grand Jury report attached, directed the court's attention again to the report and called the court's attention to a verbal request made by counsel of the Bureau of Motor Vehicles of the State of New York to the District Attorney's office requesting that the court carry out the suggestion of the Grand Jury and make the testimony of the witness, Richard Hagen, available to the Bureau of Motor Vehicles.

The court suggested that a formal request would be considered if it was the desire of the Bureau of Motor Vehicles of the State of New York to make one, and, thereafter, an affidavit purporting to be such a request was filed on behalf of the Bureau of Motor Vehicles.

The affidavit and report state in substance that there is pending a hearing in relation to the suspension of revocation of the certificate of registration of DiBello Motor Sales, Inc., as a dealer in motor vehicles under the provisions of section 62 of the Vehicle and Traffic Law; and quoting from the report: " This Grand Jury heard testimony from a witness named Richard Hagen, and we have noted that this same witness on the hearings before the Motor Vehicle Bureau refused to answer certain questions. We believe we are justified in recommending to the District Attorney that he secure a proper order, if this is possible, to make available to the Motor Vehicle Bureau the testimony which this witness gave before our Grand Jury, and we hereby make such recommendation "; and further urging and requesting that an order be granted making said testimony available in accordance with the Grand Jury's recommendation.

Section 952-t of the Code of Criminal Procedure and the judicial interpretations thereof permit the court to which a Grand Jury is returned, jurisdiction to permit an inspection of the minutes of that Grand Jury, at the discretion of the court, by an indicted defendant, and other persons.

The decisions of the courts have held that " other persons " include law enforcement bodies and officers thereof. (*Matter of Attorney-General of United States,* 160 Misc. 533; *Matter of Crain,* 139 Misc. 799.) It always has been and still is the policy of the law that Grand Jury proceedings be held secret and that

the minutes thereof be not revealed excepting as above stated and the primary purpose of permitting an inspection of Grand Jury minutes is to enable defendant to move for a dismissal of an indictment if found against him in violation of the law. The exceptions permitting the invasion of the secrecy of the Grand Jury proceedings therefore appear to be permissible only when a defendant's legal rights appear to have been violated by the Grand Jury action, or where a public officer or an official body charged with the duty of criminal law enforcement or the alleged investigation of alleged violation of criminal law, properly presents to the court facts showing that the necessity is in the public interest for the examination.

In determining whether the court should in the present instance exercise its discretion in favor of the Commissioner of Motor Vehicles and make available to the commissioner and to the Bureau of Motor Vehicles the Grand Jury testimony of Richard Hagen, the underlying rule of secrecy of proceedings of a Grand Jury and the secrecy thereof must be examined. Secrecy is certainly necessary in order to encourage grand jurors to faithfully and fearlessly perform their duties. This cloak of secrecy tends to loosen the tongues of reluctant witnesses to testify before the Grand Jury where without it they might hesitate to so do and to further extend the exceptions to this rule of secrecy might hamper the wheels of criminal justice.

The facts in this very case present a glowing example of this hesitancy on the part of a witness to testify. Richard Hagen testified before the Grand Jury and told his story, but he refuses to testify in the present Motor Vehicle Bureau hearing where there is no secrecy rule. To disclose his testimony, especially without his being a party to this proceeding or being represented in any manner, might cause Hagen, as well as other future witnesses to be reluctant to testify freely before a grand jury in the future.

The court has found no reported decisions permitting, without the consent of the District Attorney or the Attorney-General, an inspection of the Grand Jury minutes in a noncriminal investigation or proceeding with the lone exception of a case on the question of necessity for the consent of the District Attorney where the conduct of a District Attorney was under investigation. (*Matter of Crain,* 139 Misc. 799, *supra.*)

The District Attorney in this case properly called the court's attention to the fact that the counsel for the Commissioner of Motor Vehicles was requesting the testimony of Hagen and properly did not make such an application or acquiesce in mak-

ing the same, leaving that to the counsel for the Motor Vehicle Bureau.

The Commissioner of Motor Vehicles is not an officer charged with the duty of enforcing the criminal law of the State of New York, and the Bureau of Motor Vehicles is not considered as such an enforcement body.

The court is mindful of the sincerity and good faith in which this application has been made and well appreciates the high motives which impelled the Grand Jury to be helpful in the endeavors of the public officials to stop the alleged practices complained of, but nevertheless, the court is. of the opinion that public interest does not require an inspection of the minutes, but will be best served by refusing the present application, which is accordingly denied in all respects.