Burke I. Burke, J.
The September 1958 Grand Jury of Brie County, held over for several months by order of the Supreme Court, conducted an investigation into the paving and street resurfacing program of the City of Buffalo.
As the result of the investigation, both present and former officials of the City of Buffalo were indicted and charged with the crimes of conspiracy and bribery. In its report to the court, the Grand Jury recommended that City of Buffalo officials examine the possibility of rescinding certain paving contracts and of recovering from collusive bidders the amounts of money paid under said contracts.
Subsequent to the Grand Jury report, the Common Council of the City of Buffalo adopted a resolution directing the Corporation Counsel to consider the advisability of commencing action against various contractors with a view of recovering from collusive bidders certain amounts of money paid under said contracts and to apply for permission to inspect the Grand Jury minutes of the proceedings relative to paving and resurfacing work in the City of Buffalo.
The- Corporation Counsel now makes application for permission to inspect said Grand Jury minutes.
Under section 952-t of the Code of Criminal Procedure, the court in its discretion may permit inspection of Grand Jury minutes by an indicted defendant, upon proper grounds, for the purpose of a motion to dismiss the indictment. The case law of ‘this State indicates that the court in its discretion may permit an inspection when the purpose is criminal law enforcement or investigation of alleged violations of the criminal law. The stated purpose of the present motion is to afford information for the contemplation and possible institution of civil, actions. Should the court exercise its discretion to extend further the matter of inspection, unless an absolute necessity exists, as shown by all the facts and circumstances?
The District Attorney has stated that the indictment will be moved promptly for trial. The transcript of the trial will provide the city with substantially the same if not more information *145 than was heard by the Grand Jury. It appears therefore that the court should not exercise its discretion to make further inroads into the historic secrecy of Grand Jury proceedings.
The motion is denied.
Submit order.