Thomas Dickens, J.
By means of this formal motion, the District Attorney of New York County applies for my sanction to release to His Excellency, the Governor of this State, a transcript of the evidence presented to the Third, December, 1959, Grand Jury.
The District Attorney states that he had, on January 13,1960, received a request for such transcript from the Governor through the medium of the latter’s counsel.
These minutes form the groundwork of an indictment for the crimes of conspiracy and a violation of sections 886 and 901 of the New York City Charter, found by the afore-mentioned Grand Jury against the Honorable Huían E. Jack, who is President of the Borough of Manhattan.
In support of this application, it is the contention of the District Attorney that, inasmuch as the phase of the Grand Jury investigation bearing on Huían E. Jack had terminated in the finding of an indictment, a transcript of the minutes in question should be released to the Governor in the light of sections 8 and 81 (subd. b) of the New York City Charter, citing to sustain this view the case of Matter of Crain (139 Misc. 799).
On the other hand, it is the contention of counsel representing Huían E. Jack that to issue an order releasing a transcript of the minutes at this stage of the prosecution would amount to a deprivation of a fair trial, in that, “ The transmittal of the minutes at this time for the purposes of possible removal proceedings will inevitably carry with it an implication of defendant’s guilt and subject him to further adverse publicity that will affect his right to a fair trial.”
In the meantime, Huían E. Jack has suspended himself from active duty, and simultaneously with his own removal, has voluntarily relinquished the emolument of his office pending the outcome of this prosecution.
The law on the releasing of grand jury minutes is so firmly established by a long line of authorities (one of which is only necessary to mention here) that the act of releasing is not a matter of right but is dependent upon the sound discretion of the judge before whom an application for release is made. (Code Crim. Pro., § 952-t; Matter of Crain, supra.)
*477 In its relative bearing on sections 8 and 81 (subd. b) of the New York City Charter, which empower the Governor to remove a city official “ upon charges and after service upon him of a copy of the charges and an opportunity to be heard in his defense ” a transcript of the Grand Jury minutes, according to the authorities on the subject, should be released at the request of the Governor in an instance where the release could prove beneficial in the interest of the public.
Bent on trying to solve in a pointed manner the problem whether a transcript should be released while a criminal prosecution is in actual progress, as at bar, I have thoroughly searched the law and after reading the various cases, I have been unable to uncover any case exactly in point to fit the state of facts under consideration. Neither have respective counsel supplied me with any such direct authority.
However, with the exception of two cases, I have noticed the appearance of one factor in common in the rest of the cases that I have examined; namely, transcripts of minutes were released to an official body or person with disciplinary powers, but only where no indictment had been handed down by a grand jury. (Among them are Matter of Attorney-General of United States [Nat. Title Guar. Co.], 160 Misc. 533; Matter of Quinn [Town of Mount Pleasant], 267 App. Div. 913, affd. 293 N. Y. 787; Matter of People ex rel. Sawpit Gymnasium, 60 N. Y. S. 2d 593; see, also, Matter of King, 18 Misc 2d 881.)
Matter of Scro (200 Misc. 688) is one of the excepted cases afore-noted. The facts therein disclose that after an indictment had been found against Scro, a police officer, and against other police officers, a witness who had testified before the Grand Jury refused to testify at the trial, thereby causing a dismissal of the indictment against all defendants. Later, when an application was made to the court for the release of a copy of the minutes for use in a disciplinary proceeding, it was granted to the applicant, the Police Commissioner, in the interest of justice.
The other excepted case is Matter of Attorney-General [Bertini] (145 Misc. 331). The case in hand, because it is still in a progressive stage of investigation of the other alleged conspirator, bears in this respect a similarity to the case of Matter of Attorney-General (supra). In this cited case, a motion to obtain a copy of the Grand Jury minutes was made while the Grand Jury was still in the process of investigation. In denying the application without prejudice, the court held that until the Grand Jury would complete its investigation, the Governor was not entitled to a copy of the minutes.
*478 Now the question comes to the fore: Since the Grand Jury is still in session although concerned only with the other alleged conspirator and since Huían E. Jack has not had an opportunity to make any legalized motions in aid of his defense, would Huían E. Jack receive a fair trial if I were to sanction the issuance of a transcript at the inception of this criminal prosecution?
A “ fair trial ” has been defined to mean a legal trial or one conducted in all material things in substantial conformity to law, and it is the duty of the court to comply with all procedural regularities. (People v. Hogenson, 117 N. Y. S. 2d 260.) As an aid to a fair trial, there is no more important preliminary matter than a defendant’s preparation for trial. (People v. Gatti, 167 Misc. 545, 553.) And preparation for trial includes the right to make certain preliminary motions 1 ‘ lest injustice be done.” (People v. Gatti, supra, p. 553; see, also, People v. Scott, 3 N Y 2d 148, 153.)
The rights of persons accused of crime cannot be disregarded. (People v. Evans, 224 App. Div. 415.) The law recognizes that no man whether he is Huían E. Jack or any other person in a similar position “be he guilty or innocent, [is] to be deprived of his liberty, except ‘ by due process of law ’ ”. (People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 569.) Ever present in the law is the concept that the giving or the administering of justice is the object or the end of the law. (Lowe v. Feldman, 11 Misc 2d 8, 17, affd. 6 A D 2d 684.) Consequently, my considered opinion, solely as a Judge sitting in judgment, is that to pass favorably on this application at this time, would be an act of injudicious interference with the orderly processes of justice as they have been built up in this State, especially when by Huían E. Jack’s self-removal, public interest has, temporarily at least, been made academic.
This motion is, therefore, denied without prejudice to a renewal, if the circumstances should justify it.