J. Kenneth Servé, J.
The defendant was indicted by the June 1961 Grand Jury for the crime of murder in the first degree. A motion has been made by the defendant for an order granting him and his attorneys permission to inspect the minutes of the Grand Jury, or, in the alternative to dismiss the indictment upon the ground that the same is contrary to law, illegal and invalid in that the same was not founded upon legal or adequate evidence.
The supporting affidavit was made by one of the defendant’s attorneys on information and belief. In this affidavit as the *737 basis for the relief sought, the following allegations are made: (1) there may have been presented illegal evidence to the Grand Jury in that confessions or admissions were obtained from the defendant after he was represented by counsel but without the counsel being present at the time such confessions or admissions were made; (2) that the defendant was not informed of his right not to make a statement after he "was represented by counsel, when his counsel was not present: (3) evidence may have been presented to the Grand Jury which was obtained by illegal search of the defendant’s room and possessions.
As to the claimed illegality of the evidence pertaining to the confessions and admissions, there is neither an allegation as to the date when the defendant was first represented by counsel nor an allegation as to the date or dates when the confessions or admissions were made. This information was within the knowledge of the defendant and should be known to his counsel. The paucity of detail on this point is unusual in that it can only be assumed that counsel knew that such information would bo decisive in a judicial consideration of this question. The information as to the dates is of material importance on this motion, because the District Attorney in his opposing affidavit has stated that no admissions or confessions made by the defendant after Sunday, January 22, 1961 (date of defendant’s apprehension) were presented to the Grand Jury. In his affidavit, the District Attorney, without qualification, stated ‘1 that no admissions or confessions made by the defendant after he had obtained counsel was presented to the Grand Jury.” The allegation of the moving party has no vitality because of the omission of the afore-mentioned dates in the motion papers.
The allegation pertaining to the claimed illegal search does not form a basis for the exercise of judicial discretion because the moving party has omitted important facts in relation to the same. He has failed to point out the circumstances surrounding such search, which caused him to conclude that the search was illegal. Without the disclosure of such facts, the allegation is only an unsupported conclusion or opinion of the affiant.
If the search was illegal, it would be of the greatest importance to know the nature of the evidence so obtained and thereafter presented to the Grand Jury. The affidavit fails to supply any information whatsoever as to the property obtained in the search of the defendant’s room and possessions. The moving party leaves that for the court to speculate upon.
The motion made by the defendant is addressed to the discretion of the court and the moving party must furnish adequate *738 facts to overcome the presumption that an indictment is founded upon legal and sufficient evidence. Upon such motion, the discretion is not to be exercised arbitrarily or without good reason shown by the moving party and based on fact and not mere assumption. (People v. Moody, 133 N. Y. S. 2d 332 ; People v. Fort, 141 N. Y. S. 2d 290 ; People v. Bolivar, 146 N. Y. S. 2d 529.) “ Judical discretion is not a mere arbitrary rule which confers upon a judge the right to blindly make a judicial determination nor is it a palliation for capricious discrimination.” (Matter of Martin, 170 Misc. 919, 922.)
In this application, there are not sufficient allegations of fact upon which the court, using its discretion can act. (People v. O’Keefe, 198 Misc. 682.) The defendant has failed in his motion papers to show facts from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal. The motion of the defendant is hereby denied.