Albert A. Oppido, J.
Eugene H. Nickerson, County Executive of the County of Nassau, moves, by way of an order to show cause, against Nelson A. Rockefeller, Governor of the State of New York, William Cahn, District Attorney of the County of Nassau, Louis J. Lefkowitz, Attorney-General of the State of New York, and the State Investigation Commission, for an order of this court, pursuant to section 952-t of the Code of Criminal Procedure, granting two requests for relief. First, *12 the County Executive seeks an order permitting him to personally inspect the Grand Jury minutes of all investigations conducted by the Grand Jury into the maintenance and operation of the Nassau County Jail from January 1, 1962 to the date of the application, to wit, May 13, 1965. In addition, the County Executive seeks an order that a copy of the aforesaid minutes of the Grand Jury of Nassau County be delivered to the New York State Commission of Investigation at 270 Broadway, New York City, New York.
Upon the return date of the order to show cause, an affidavit verified the 12th day of May, 1965 was submitted to the court by the Honorable Goodman A. Sarachan, Chairman of the New York State Commission of Investigation, alleging that the affiant is Commissioner and Chairman of the New York State Commission of Investigation, and that said commission is presently conducting an investigation inquiring into certain charges made by Eugene H. Nickerson, County Executive of Nassau County, and countercharges made by the District Attorney of Nassau County, William Cahn, relating to the Nassau County Jail. On behalf of the New York State Investigation Commission, he requests that the court issue an order directing the District Attorney of the County of Nassau to make a transcript of such Grand Jury minutes available to the commission.
The District Attorney, on the oral argument of this motion, advised the court that he consents to the application by the County Executive, insofar as the State Investigation Commission is concerned, and that the present foreman of the pending Grand Jury, on being informed of the desire of the State Investigation Commission for the minutes, consented to the furnishing to the State Investigation Commission of the minutes of the pending investigation of the Grand Jury into the management and operation of the county jail. The District Attorney, however, opposes that portion of the County Executive’s application seeking an order that all these Grand Jury minutes of investigations inquiring into the management and operation of the Nassau County Jail be furnished to him personally.
Upon completion of the oral argument, a motion was made by Irving L. Rollins, Assistant Attorney-General, on behalf of the respondents, Governor Nelson A. Rockefeller and Attorney-General Louis J. Lefkowdtz, that the application be dismissed as to them on the grounds that they were neither necessary nor proper parties to the proceeding. The County Attorney, appearing on behalf of the County Executive, stated that there was no proceeding against the Governor or Attorney-General and *13 that they were included in the order to show cause as a courtesy. Therefore, the court dismissed the application insofar as it pertained to the Governor and the Attorney-General.
Prior to the making of this application, certain charges and countercharges had been made by the County Executive and District Attorney, which appear to have had their genesis in certain Grand Jury investigations inquiring into the management and operation of the Nassau County Jail. Communications appear to have been forwarded by the County Executive and the District Attorney to the Governor of the State of New York, who thereupon directed the State Investigation Commission to conduct an inquiry into these charges and countercharges and to report its findings to him.
In directing the inquiry by the State Investigation Commission, Governor Nelson A. Rockefeller, stated: “ County Executive Nickerson has charged District Attorney Cahn with the commission of a 1 series of crimes ’ in his attempt to use undercover police officers to obtain evidence in connection with the Nassau County grand jury’s investigation of the alleged smuggling of narcotics and alcohol into the Nassau County Jail.
“District Attorney Cahn has stated that County Executive Nickerson’s charges are a ‘ smoke screen to divert attention ’ from the investigation into alleged corruption in the administration of the Nassau County Jail.
“ This charge and counter-charge are of a most serious character and affect the very integrity of criminal law enforcement in Nassau County.
“ The People are entitled to a full and impartial disclosure of the facts and a determination of the truth of the charge and counter-charge. Public confidence in the faithful execution and effective enforcement of the criminal laws in Nassau County requires a prompt and thorough-going investigation into the truth of the charge that District Attorney Cahn committed a ‘ series of crimes ’ and the truth of the counter-charge that County Executive Nickerson, by design or effect, frustrated a grand jury investigation into scandalous conduct in the Nassau County Jail.
“ To that end, I have asked the State Commission of Investigation to conduct such an inquiry and to complete it and report to me as soon as possible. The Commission will undertake the inquiry immediately.”
The settled law of this State regarding the disclosure of Grand Jury minutes and the testimony and evidence presented to such a body is that, except under certain specific situations, they are *14 to be kept secret unto that body and that the minutes and exhibits shall be kept in custody of the District Attorney except as otherwise directed by the court.
Section 952-t of the Code of Criminal Procedure, entitled “Stenographers’ duties ”, provides in pertinent part as follows : “ but he [stenographer] shall not permit another person to take a copy of same, [Grand Jury minutes] nor any portion thereof, nor to read the same, or any portion thereof, except upon the written order of the court duly made after hearing the said district attorney ’ ’.
An invasion of the secrecy of Grand Jury proceedings may be permitted by the court only when a defendant’s legal rights appear to have been violated by Grand Jury action or where a public officer or official body charged with the duty of criminal investigation properly presents to the court facts showing the necessity of examination of such proceedings in the public interest.
The cloak of secrecy concerning the proceedings of a Grand Jury has always been preserved and protected by the court, with few exceptions. Such a policy is founded upon the principle that the true and proper administration of justice is dependent upon the voluntary appearance of witnesses before the Grand Jury, without fear of recrimination, publicity and accountability. (People ex rel. Sawpit Gymnasium, 60 N. Y. S. 2d 593, 594.)
It is clear that the granting of a motion to inspect Grand Jury minutes is one which rests in the sound discretion of the court. (People v. Rodriguez, 28 Misc 2d 736). It is equally true that the- rule of secrecy is not without exception (Matter of Quinn, 293 N. Y. 787, affg. 267 App. Div. 913; Matter of Attorney General of United States, 160 Misc. 533; People v. Behan, 37 Misc 2d 911; Matter of Crain, 139 Misc. 799).
It should be noted in the cases cited above that in each instance, the person or body to whom an inspection of the Grand Jury minutes was allowed was an official investigating body such as the Attorney General of the United States, a special investigator appointed by the Governor of the State of New York, or a special investigating commission. In the Sawpit Gymnasium case (supra) the Mayor and Board of Trustees of the Village of Port Chester were allowed to inspect the Grand Jury minutes where the Grand Jury investigation had been completed and a presentment was handed down by the Grand Jury criticizing the Police Department for laxity in permitting gambling in the village. The inspection was allowed to the Mayor and Board of Trustees to aid them in their own independent investigation of the Police Department for laxity.
*15 It is, therefore, clear that, if good cause be shown to this court, it has the power and authority, in its sound discretion, to permit an inspection of the minutes of the Grand Jury. Based on the foregoing cases, the State Investigation Commission, acting under the powers and authority granted to it by chapter 989 of the Laws of 1958, may be entitled to an inspection of Grand Jury minutes.
This court must now determine whether or not to permit the State Investigation Commission and/or the County Executive to view the minutes of the Grand Jury dealing with past and present investigations into the operation and maintenance of the Nassau County Jail.
In his moving affidavit, County Executive Eugene H. Nicker-son took the position that the court should direct that the State Investigation Commission be furnished with copies of the Grand Jury minutes to enable that investigating body to have before it all the facts in the conduct of its inquiry.
It is the position of the State Investigation Commission that it would be in the public interest that the Grand Jury minutes requested be made available to the commission and members of its staff to be used in connection with the State investigation, which is being conducted pursuant to the request of the Governor of this State.
In his moving affidavit, County Executive Eugene H. Nicker-son took the further position, however, that in addition to furnishing the Grand Jury minutes to the State Investigation Commission, copies of the same should also be furnished to him, so that he may personally present to the State Investigation Commission the facts disclosed by these minutes.
If this court were, in fact, to permit the State Investigation Commission to examine said Grand Jury minutes, then there would be no purpose served or benefit gained by permitting the County Executive to examine the very same minutes. Such an act would be superfluous and unnecessary to the inquiry being made by the State Investigation Commission.
In support of his application for personal inspection of these Grand Jury minutes, the County Attorney, in behalf of the County Executive, cites as authority the case of People v. Behan (37 Misc 2d 911, supra). In this case, a special Commissioner of Investigation, appointed by the Governor, was granted permission to inspect the Grand Jury minutes of its investigation into the management of the Onondaga County Jail. The Behan case is authority only for that part of the application of the County Executive directing that the minutes of the Grand Jury be turned over to the State Investigation *16 Commission for the State Investigation Commission appears to stand in the precise position of the special investigator in that case. However, I find this case furnishes no nourishment for the contention of the County Executive that he be entitled to a personal examination of these minutes.
Nothing in the moving papers suggests that the County Executive is himself conducting an investigation into the Police Department, the Sheriff’s office or the county jail. If this were the fact, then presumably the Grand Jury minutes might be available to the County Executive under the doctrine ennunciated in the Sawpit Gymnasium case (supra).
Absent any such claim by the County Executive, and absent any other claims of a proper investigatory conduct by the County Executive in aid of which the Grand Jury minutes are required, this court does not believe that the County Executive is entitled to the personal inspection of the Grand Jury minutes merely to aid his presentation of the facts before the State Investigation Commission inquiry, particularly if the minutes are furnished directly to the State Investigation Commission, as requested by him. No authority has been furnished this court in support of this aspect of the County Executive’s application.
The application before this court involves the public interest in the broadest sense, i.e., charges and countercharges between two elected county officials that the other has improperly conducted his office, and in the interest of justice and the public need the facts warrant the turning over of the Grand Jury minutes to the State Investigation Commission.
It is, therefore, the decision of this court that the application of the County Executive is granted to the extent that the stenographer is directed to furnish a transcript of the Grand Jury minutes relating to the investigations into the maintenance and operation of the Nassau County Jail to the State Investigation Commission, and is denied in all other respects.