The Honorable Ted C. Capeheart Circuit Judge and Chancellor Ninth Judicial Circuit, West Little River County Courthouse Ashdown, Arkansas 71822
Dear Judge Capeheart:
This is in response to your request for an opinion on whether you may allow the court reporter to turn over a grand jury testimony transcript to the U.S. Attorney, where such transcript has been requested by the U.S. Attorney to investigate the grand jury's failure to indict a state trooper who shot a black man in the Howard County jail.
It is my opinion that it is within your discretion to release the transcript.
Initial reference must be given to A.C.A. 16-85-514, which provides in pertinent part:
 (a) Every member of the grand jury must keep secret whatever he himself, or any other grand juror, may have said, or in what manner he, or any grand juror, may have voted on a matter before them.
 (b) No grand juror shall disclose any evidence given before the jury, except when lawfully required to testify as a witness in relation thereto: nor shall he disclose the fact of any indictment having been found against any person not in actual confinement, until the defendant shall have been arrested thereon.
The statute speaks only to the jurors themselves, and does not portend to restrict the availability of the transcript of the proceedings. It has been held, however, that a grand jury is an inquisitorial body, the proceedings of which are intended to be kept secret. State v. Fox, 122 Ark. 197 (1916). It has also been held, however, that the statute above was intended to protect the jurors, and that it does not operate in all instances to render grand jury testimony unavailable. Collins v. State, 200 Ark. 1027,143 S.W.2d 1 (1940). See also Goodwin v. State, 235 Ark. 457,360 S.W.2d 490 (1962).
Federal case law on point is also helpful on the question.[1] It has been held that disclosure of grand jury proceedings is wholly proper where the ends of justice require it. See U.S. v. Socony-Vacuum Oil Co., Wis., 310 U.S. 150 (1940); U.S. v. Dinsio,468 F.2d 1392 (9th Cir. 1972); and In This is in response to your request for an opinion Cement-Concrete Block, Chicago Area,381 F. Supp. 1108 (N.D.Ill. 1974). Additionally, it has been held that disclosure is proper where it is requested to investigate the conduct of a public official; In re Crain, 250 N.Y.S. 249,139 Misc. 799 (1931) and In re July 1973 Grand Jury, 374 F. Supp. 1334
(N.D.Ill. 1973); or where it is given in an effort to foster cooperation between state and federal government. See, In re Grand Jury Proceedings, 483 F. Supp. 422 (E.D.Pa 1979). Finally, it has been held that grand jury testimony may be made available where there is a clear showing of gross and prejudicial irregularity influencing the grand jury. U.S. v. Central Supply Association, 34 F. Supp. 241 (N.D.Ohio 1940); Arlington Glass Company v. Pittsburgh Plate Glass Company, 24 F.R.D. 50 (N.D.Ill. 1959); Petition of Jessup, 11 Terry 530, 50 Del. 530, 136 A.2d 207
(1957); In re Bullock, 103 F. Supp. 639 (D.D.C. 1952); State ex inf. Dalton v. Moody, 325 S.W.2d 21 (Mo. 1959); and Comm. v. Kilgallen, 379 Pa. 315, 108 A.2d 780 (1954).
The concept in enunciated in C.J.S. Grand Juries 43 at page 1062 as follows:
 However, while the proposition is sometimes broadly stated that the members of a grand jury cannot disclose the proceedings that take place in the grand jury room, and the testimony is ordinarily confidential, the rule does not, under all circumstances, prevent one from establishing what was done before the grand jury, and disclosure before the grand jury, and disclosure has been held wholly proper where the ends of justice require it; and a court may at any time in the furtherance of justice remove the seal of privacy from grand jury proceedings is not to be set aside on every request or to be set aside on every request or suggestion, but only where there is probability of serious illegality, or where a clear and positive showing is made of gross and prejudicial irregularity influencing the grand jury and the action of the court in proceedings to set aside the seal of privacy is subject to review in an orderly manner by tribunal of superior jurisdiction. [Footnotes omitted.]
It is therefore my opinion that it is properly within your discretion, to be exercised in light of the foregoing, to order release of the transcript in this instance to the U.S. Attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It should be noted, however, that Federal Rule of Criminal procedure 6(e) governs the release of federal grand jury testimony. That rule allows disclosure to an attorney for the government for use in the performance of the attorney's duty. It appears, however, that this rule is inapplicable to state conducted grand jury proceedings. See generally, Fed. Rule Crim. Pro. 1, and Mobley ex rel. Ross v. Meek, 531 F.2d 924 (8th Cir. 1976), rev'd on other grounds, 429 U.S. 28 (1977).